UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA COOPER,
o/b/o A.W., a minor,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                         /

Case No. 13-cv-12035

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND
RECOMMENDATION** (document no. 15)**, DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT** (document no. 12)**, GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT** (document no. 14)**, AND DISMISSING CASE**

    The Social Security Administration ("SSA") denied the application of plaintiff Pamela Cooper's minor child A.W.[1] for supplemental security income in a decision issued by Administrative Law Judge ("ALJ") James N. Gramenos on August 23, 2011. *See* Administrative Record ("A.R.") 15-27. After the SSA Appeals Council declined to review the decision, Cooper appealed to this Court. The Court referred the matter to a magistrate judge, and the parties filed cross motions for summary judgment. *See* Mots. for Summ. J., ECF Nos. 12, 14.

    On July 30, 2014, the magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court deny Cooper's motion and grant the Commissioner for Social Security's ("Commissioner") motion. Report, ECF No. 15. Cooper contended that the ALJ incorrectly held that A.W.'s impairments did not meet or functionally equal the

---

[1] The magistrate judge properly refers to the minor child by her initials even though the complaint refers to her by her full name. Rule 5.2(a)(3) of the Federal Rules of Civil Procedure prohibits the use of a minor's name and requires that only a minor's initials be used.

requirements of the applicable listings in the Social Security regulations because the ALJ "incorrectly held that the minor had less than marked limitation in the area of attending and completing tasks." Pl.'s Mot. For Summ. J. 7, ECF No. 12. Cooper relied on records from Clear Choices Counseling to contend that "the minor has a poor attention span dating back to 2006." *Id.*

The magistrate judge carefully examined the administrative record and concluded that the ALJ's decision was supported by substantial evidence, contrary to Cooper's argument. The magistrate judge found that the ALJ's conclusions comported with those presented by the only psychologist whose opinions were offered. Report 12. She also determined that the ALJ's findings were largely supported by the assessments of A.W.'s teachers, which generally found only minor problems in attending and completing tasks. *Id.* In addition, the magistrate judge noted that, to the extent that the teachers' opinions conflicted with the doctors' opinions, there can be no error for the ALJ's reliance on the doctors' opinions because only physicians are treating sources whose opinions are entitled to deference. *Id.* Finally, she concluded that the ALJ's determinations were supported by those made by the consultative examiner as well as A.W. and Cooper's own statements. *Id.* at 13.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and

recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, grant the Commissioner's motion for summary judgment, and dismiss the case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (document no. 15) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment (document no. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment (document no. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: August 17, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 17, 2014, by electronic and/or ordinary mail.

                                        s/Carol Cohron
                                        Case Manager